**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Elizabeth Ann Gardner, et al., | ) | No. CV-12-8051-PCT-FJM |
| | ) | |
| Plaintiffs, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| United States Internal Revenue Service, et | ) | |
| al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Before the court is defendants' motion to dismiss (doc. 7), plaintiffs' response (doc. 8), and defendants' reply (doc. 9).

The subject matter of this action–the Gardners' failure to pay taxes for the tax periods ending September 30, 1992 and December 31, 1993–has had a tortured and protracted history. The tax liabilities arise from trust fund recovery penalties assessed under 26 U.S.C. § 6672. The IRS filed Notices of Federal Tax Liens in connection with these tax liabilities against Bethel Aram Ministries, as the nominee of the Gardners. Following the filing of the Notices, the IRS issued a Notice of Levy with respect to property owned by the Gardners located at 33500 Black Canyon Road, in Black Canyon City, Arizona ("Black Canyon Property"). On September 15, 2005, the Gardners filed an action in this court alleging wrongful levy of the Black Canyon Property pursuant to 26 U.S.C. § 7426 and sought a

1   determination that seizure of the property was illegal.  See Gardner v. IRS Revenue Agent,

2   CV-05-2852-PCT-NVW.  Judge Wake held that the United States' interest in the Black

3   Canyon Property was senior to that of Bethel Aram Ministries, Bethel Aram could not state

4   a claim for wrongful levy, and the United States had not waived its sovereign immunity.

5   Judge Wake dismissed the wrongful levy action on the merits and final judgment was entered

6   in favor of the IRS.  The Ninth Circuit affirmed the decision.  Id. doc. 38-2 at 2.

7        In 2008, Bethel Aram Ministries filed an action in state court, again asserting a

8   wrongful levy claim and seeking to quiet title on the Black Canyon Property.  That case was

9   removed to this court on April 16, 2008.  Bethel Aram Ministries v. IRS, CV-08-8043-PCT-

10  DGC.  Judge Campbell held that because plaintiff's wrongful levy claim was the same claim

11  asserted in Judge Wake's case, the action was barred on res judicata grounds.  Id. doc. 20 at

12  2.

13       The Gardners filed a third action in 2010, seeking to quash an IRS administrative

14  summons issued to Wells Fargo Bank in connection with the mortgage on the Black Canyon

15  Property.   Gardner v. United States, MC-10-8000-PCT-GMS.   The Gardners again

16  challenged the propriety of the underlying tax assessments.  The petition to quash was

17  dismissed with prejudice.  Id. doc. 12.

18       Despite the notice of levy, the IRS did not take possession of the Black Canyon

19  Property.  Instead, the Gardners sold the property in 2010, and the sale proceeds were turned

20  over to the IRS by the escrow administrator in payment of the IRS Notice of Federal Tax

21  Lien against the property.

22       The Gardners then filed this action on March 21, 2012, against the United States, the

23  IRS, 14 IRS employees, and First American Title Company, challenging the collection of the

24  Black Canyon Property sale proceeds, and asserting five claims for relief: (1) unauthorized

25  collection under 26 U.S.C. § 7433, (2) RICO violations, (3) cloud on title, (4) fraud, and (5)

26  extortion.  Defendants argue among other things that this action is barred by res judicata.

27       The "preclusive effect of a judgment is defined by claim preclusion and issue

28  preclusion, which are collectively referred to as 'res judicata.'" Taylor v. Sturgell, 553 U.S.

1  880, 892, 128 S. Ct. 2161, 2171 (2008).  Res judicata prohibits lawsuits an "any claims that

2  were raised or could have been raised" in a prior action.  Stewart v. U.S. Bancorp, 297 F.3d

3  953, 954 (9th Cir. 2002).  A "right, question or fact distinctly put in issue and directly

4  determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit

5  between the same parties or their privies."  Montana v. United States, 440 U.S. 147, 153-54,

6  99 S. Ct. 970, 973 (1979), (quoting Southern Pac. R. Co. v. United States, 168 U.S. 1, 48-49,

7  18 S. Ct. 18, 27 (1897)).

8  The gravamen of plaintiffs' complaint is that no taxes were due, therefore the liens

9  were invalid, and the collection of the sale proceeds is unlawful.  The propriety of the 1992

10 and 1993 tax assessments was the underlying issue in the original wrongful levy claim, the

11 quiet title action, the motion to quash the IRS summons, and is now the basis for this

12 wrongful collection action. The legitimacy of the United States' interest in the Black Canyon

13 Property was conclusively established in the 2005 litigation where Judge Wake held that the

14 United States' interest in the Black Canyon Property was valid.  Accordingly, this action

15 challenging the collection of the sale proceeds is barred by res judicata.

16 **IT IS ORDERED GRANTING** the United States' motion to dismiss (doc. 7).  The

17 clerk shall enter final judgment.

18 DATED this 5th day of October, 2012.

19

20 _Frederick J. Martone_
   Frederick J. Martone

21 United States District Judge

22

23

24

25

26

27

28